**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| O'NEAL WOODS, | ) | CASE NO.  4:13 CV 1388 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOE COAKLEY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* Petitioner O'Neal Woods's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Woods is currently incarcerated in the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton") and names F.C.I. Elkton Warden Joe Coakely as Respondent.  He asserts he is "actually innocent" of several sentencing enhancements applied by the sentencing court pursuant to the United States Sentencing Guidelines.  Petitioner contends he is serving a sentence that exceeds the applicable statutory maximum sentence and seeks his immediate release from prison.[1]  Petitioner has also filed a motion to proceed *in forma pauperis*. Doc. 2. For the reasons set forth below, that motion is granted, the Petition is denied, and this action is dismissed.

**I.    Background**

On November 14, 1995, Woods was indicted in the United States District Court for the

---

[1] On June 27, 2013, Petitioner supplemented his Petition with additional case authority and argument, which the Court also considers herein.  Doc. 3.

Eastern District of Wisconsin on armed bank robbery and firearms charges. *See United States v. Woods et al.*, No. 2:95-cr-00194-RTR-4 (E.D. Wis. 1995) (Randa, J.). Woods initially pleaded guilty, but then the district court allowed him to withdraw his guilty plea, and the case went to trial. On January 30, 1997, a jury convicted Woods of aiding and abetting an armed bank robbery, 18 U.S.C. §§ 2 and 2113(d), and aiding and abetting the use of a firearm in the commission of a violent crime, 18 U.S.C. §§ 2 and 924(c). Judge Randa sentenced Woods to 110 months imprisonment on the armed bank robbery count, with a consecutive sentence of 60 months for the count involving the use of a firearm. Woods appealed and the United States Court of Appeals for the Seventh Circuit affirmed his conviction on July 7, 1998. *United States v. Woods*, 148 F.3d 843 (1998).

On July 9, 1999, Woods filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court, which the court denied on October 31, 2001. Thereafter, Woods sought and was denied a certificate of appealability. *Woods*, No. 2:95-cr-00194-RTR-4, ECF No. 240. Woods also moved the sentencing court to modify his sentence pursuant to 18 U.S.C. § 3582. That motion was denied as a "disguised collateral attack" and for lack of jurisdiction. *Id.* at ECF No. 268. Then Woods moved the court to correct a "clerical error" under Fed. R. Crim. P. 36, asserting the sentencing court erred in imposing a sentence consecutive to one imposed in another criminal case before the court. The sentencing court construed Woods's motion as a second or successive § 2255 petition and again denied the motion for lack of jurisdiction. *Id.* at ECF No. 288. Woods refiled his motion to correct, and the sentencing court dismissed it yet again for want of jurisdiction. *Id.* at ECF No. 290. Woods appealed, and the court of appeals dismissed the appeal for failure to pay the filing fee. *Id.* at ECF No. 299.

Woods's present petition contends he is actually innocent of his sentence. Specifically, he

claims the sentencing court erred in enhancing his sentence for subornation of perjury and under to the following federal sentencing guideline provisions: (1) U.S.S.G. §3B1.1(c) for his leadership role in the bank robbery; (2) U.S.S.G. §2B3.1(b)(1) for the taking of property from a financial institution; and (3) U.S.S.G. §2B3.1(b)(3)(A) because a victim sustained bodily injury. Doc. 1-1 at 1. Woods argues he was never charged, nor found guilty by a jury of any of the offense characteristics used to enhance his sentence and the resulting sentence exceeds the statutory maximum applicable to the facts found by the jury. *Id*. at 3. He asserts his sentence is unauthorized by law, is a miscarriage of justice, and violates his Sixth Amendment right to a jury trial pursuant to *Alleyne v. United States*, No. 11-9335, — S. Ct. —, 2013 WL 2922116 (2013). *Id.* at 3-4; Doc. 3. Woods seeks immediate release from prison. *Id*. at 3-4.

## II.     Standard of Review

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Jones v. Russell*, 396 F.2d 797 (6th Cir. 1968); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. 1965). *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906, 91 S. Ct. 147 (1970). Petitioner has not met his burden.

## III.     Discussion

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2241(c)(3). A habeas corpus proceeding brought under § 2241 is the proper mechanism for a prisoner to challenge the execution of his sentence or the "fact or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); see also *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001). However, when a federal prisoner seeks to challenge his conviction or the imposition of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. See 28 U.S.C. § 2255(e); *Charles*, 180 F.3d at 755–56. Section 2255 provides a safety valve wherein federal prisoners may bring a § 2241 claim challenging their conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 209 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756. The Sixth Circuit explained in *Charles* that the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire.

*Id.* at 756–58. Ultimately, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. See *id.* at 758.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Peterman*, 249 F.3d at 462 ("[C]laims do not fall within any arguable construction of . . . [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence."); *Charles*, 180 F.3d at 756–57 (collecting cases); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin*, 319 F.3d at 804; *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, not mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137, 150-151 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

In the past, those prisoners who have obtained review of such claims under the savings clause did so because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate. *See In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir. 1998);

*Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). In this case, Woods has, in fact, already filed an unsuccessful motion to vacate or set aside his sentence.

Moreover, Woods has failed to show actual innocence in relation to his challenge to the court's sentencing enhancements. His challenge does not involve a claim that the Supreme Court has redefined as 'noncriminal' the conduct underlying his convictions. *See, e.g., Bailey*, *supra*. Indeed, Woods does not assert he is actually innocent of the offenses of which he was convicted, nor does he cite a retroactive Supreme Court decision that establishes his innocence. Instead, pursuant to *Alleyne*, Woods claims that his sentence of imprisonment was improperly enhanced in violation of the Sixth Amendment.

In *Alleyne*, the defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a violation subject to a mandatory minimum five years incarceration. *Alleyne*, 2013 WL 2922116 at *4. At sentencing, however, over Alleyne's objection, the judge found that Alleyne had "brandished" a firearm, raising his mandatory minimum sentence to seven years under the applicable statute.[2] *Id.* The sentencing court determined that, under *Harris v. United States*, 536 U.S. 545 (2002), brandishing was a sentencing

---

[2] Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

-6-

factor, which the court could find without violating Alleyne's Sixth Amendment right to a jury trial. *Id.* The court of appeals affirmed, and Alleyne petitioned for a writ of certiorari, arguing that *Harris* could not be reconciled with the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime[,]" which must be proved to a jury. *Alleyne*, 2013 WL 2922116 at *9 (internal quotation marks omitted).

The Supreme Court agreed with Alleyne, holding that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Alleyne*, 2013 WL 2922116 at *4. In doing so, the Court overruled *Harris*, which limited *Apprendi* to facts increasing the statutory maximum, concluding that mandatory minimum sentences increase the penalty for a crime, and that the facts used to enhance a sentence are offense elements "that must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory minimum sentence can be imposed. *Id.* at 9-11. Thus, the Court held that the district court erred when it imposed a seven-year mandatory minimum sentence on Alleyne, because the jury had not found the fact—brandishing—supporting the mandatory minimum beyond a reasonable doubt. Here, Woods asserts he is actually innocent of the sentencing enhancements applied by the sentencing court because the facts underlying those enhancements were not proved to a jury as required by *Alleyne*.

Contrary to Woods's suggestion, however, *Alleyne* does not support his actual innocence claim because that decision is not an intervening change in the law that decriminalized the acts that form the basis of his conviction. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim under *Martin*. *See Bannerman*, 325 F.3d

-7-

at 724 (holding *Apprendi* could not be basis for actual innocence claim) (citing *Peterman*, 249 F.3d at 462). *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it." *Roberts v. Snyder*, 77 F. App'x 292, 294 (6th Cir. 2003) (citing *Goode v. United States*, 305 F.3d 378, 385 (6th Cir. 2002), *cert denied*, 537 U.S. 1096 (2002). Should *Alleyne* be made retroactively available, Woods may be able to raise his claim in a § 2255 proceeding.[3] *Id.* (citation omitted).

Nor does *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), as Woods argues, establish a basis for this Court's jurisdiction over the instant Petition. The petitioner in *Narvaez* challenged a sentence enhancement through a motion to vacate pursuant to § 2255. That case did not involve a challenge to a sentence through § 2241, nor did the petitioner claim his remedy under § 2255 was inadequate or ineffective. Further, in *Narvaez*, the court of appeals held that, where the post-conviction Supreme Court ruling in *Begay v. United States*, 553 U.S. 137-144-45 (2008) applied retroactively and narrowed the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), the defendant was not eligible for enhanced punishment based on a prior conviction that, by definition, did not qualify as a violent felony. *Narvaez*, 674 F.3d at 628 (defendant not eligible for categorization as violent offender based on two prior escape convictions). In other words, the petitioner pointed to a decision holding a substantive criminal statute no longer reached his conduct; i.e., that he was actually innocent or stood convicted of an "act that the law does not make criminal." *Bousley*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). As discussed,

---

[3] This Court, however, offers no opinion as to the retroactive availability of *Alleyene*. Further, the issues of whether or not Petitioner may be able to overcome the procedural bars to filing a second or successive § 2255 petition are not properly addressed to this Court. The Court only holds here that Woods's claim is not cognizable under § 2241 via the savings clause of § 2255.

*infra*, such is not the case here.

Similarly, Woods's reliance on *Brown v. Rios*, 696 F.3d 638 (2012) is also misplaced. In *Brown*, the Seventh Circuit permitted § 2241 to be used to challenge pre-*Booker* era sentencing enhancement errors based on the Supreme Court's ruling in *Begay*. Unlike the petitioner in *Brown*, however, as discussed above, Woods does not cite a new, retroactive Supreme Court case establishing his innocence of the sentence enhancement imposed in his case.

Ultimately, the duration of Woods's sentence is not the proper subject of a petition for habeas corpus relief under § 2241. Indeed, the Sixth Circuit has never extended the savings clause to § 2241 petitioners, like Woods, who raise challenges to sentencing enhancements. *See e.g., Contreras v. Holland*, 487 F. App'x 287, 288 (2012) (challenge to sentencing enhancement under §§ 841 and 846 not cognizable under § 2241) (citing *Capaldi*, 135 F.3d at 1123); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.") (citing *Peterman*, 249 F.3d at 462); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (declining to grant § 2255 relief on a defaulted claim of sentencing error because there was no "breakdown of the trial process"). *See also*, *Drumwright v. United States*, No. 4:12cv1428, 2012 WL 5205802 (N.D. Ohio Oct. 22, 2012) (holding that challenge to sentence enhancement based upon prior state conviction is not cognizable under § 2241); *Landt v. Farley*, No. 4:12CV0740, 2012 WL 4473209 (N.D. Ohio Sept. 26, 2012) (same); *Baldwin v. United States*, 412 F. Supp. 2d 712 (N.D. Ohio 2005). Consequently, Woods has failed to demonstrate that his remedy under § 2255 is inadequate or ineffective and his § 2241 claim of "actual innocence" as to his enhanced sentence is insufficient to invoke the savings clause.

## IV. Conclusion

For all the reasons set forth above, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, the Petition for Writ of Habeas Corpus is denied, and this case is DISMISSED pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.


Date: July 22, 2013

*s/John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE